Turley, J.
delivered the opinion of the court.
In this case, we think there is no error in the proceedings of the Circuit Court. Whatever of irregularity may have existed in the proceedings before the justice of the peace, it is unnecessary now to comment upon.- The case was regularly removed by appeal to the Circuit Court, where the defendant, Swan, was duly discharged as garnishee upon his answer. We think the circuit judge committed no error in discharging him. It is a very well settled principle that a garnishee can only be charged upon his answer, and that, if it contain no sufficient admission to charge him, he must be discharged. In the present case, there is nothing in the answer upon which the defendant can be charged as garnishee. He admits, it is true, that at the time the garnishment was served, there was a horse of the defendant in the execution in his possession? but *187 then, this horse was not liable to execution, being exempted by statute. Then the garnishee could not be made liable therefor. It also appears that the garnishee afterwards bought and paid for this horse, which he might well do after the garnishment; there was no indebtedness on his part at the time of the service of garnishment, and the subsequent contract of purchase by him does not constitute such a case of indebtedness as authorizes the creditor to charge him therefor. A garnishee may, after garnishment, purchase property from the debtor, and pay him for it, without charging himself. It is otherwise, if there be a debt due from him at the date of the garnishment. If he subsequently pays this debt, he shall be charged for it, for the garnishment attaches it in his hands, and he has paid it in his own wrong.
Let the judgment of the Circuit Court be affirmed.